Mark D. Hassler, Esq. (Indiana Attorney No. 8102-84) (admitted *pro hac vice*)
Hunt, Hassler & Lorenz LLP
100 Cherry Street
P.O. Box 1527
Terre Haute, IN 47808
Telephone: (812) 232-9691
Facsimile: (812) 234-2881

Arthur J. Casey, Esq. (SBN 123273)
Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
Telephone:    (408) 298-7120
Facsimile:    (408) 298-0477

Attorneys for Defendant
TECHNIFAB PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYOTECH INTERNATIONAL, INC. a Delaware Corporation, fka VBS INDUSTRIES INCORPORATED, | Case No. C08 02921 HRL |
| | Complaint filed:  June 12, 2008 |
| Plaintiffs, | **ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM** |
| vs. | |
| TECHNIFAB PRODUCTS, INC., an Indiana Corporation; and DOES 1-50 inclusive, | |
| Defendants. | |

Comes now the defendant, Technifab Products, Inc., (hereinafter referred to as "Technifab"), and for its answer to the Complaint for Damages and Application for Permanent Injunction of the plaintiff, Cryotech International, Inc., (hereinafter referred to as "Cryotech"), states as follows:

Robinson & Wood, Inc.
227 North First Street
San Jose, CA  95113
(408) 298-7120

1

1

## Allegations of Jurisdiction, Venue and Parties

2    1. Technifab admits the material allegations contained within paragraph 1 of the

3    Complaint.

4    2. Technifab admits that venue is proper in this district pursuant to 28 U.S.C. § 1391(c)

5    and that Technifab has and does conduct business in the Northern District of California and is

6    therefore subject to the personal jurisdiction of the Court.  Technifab denies all other material

7    allegations contained within paragraph 2 of the Complaint.

8    3. Technifab lacks knowledge or information sufficient to form a belief about the truth of

9    the allegations contained within paragraph 3 of the Complaint, and on that basis so denies them.

10    4. a. Technifab admits the allegations contained within paragraph 4(a) of the Complaint.

11    4. b. Technifab lacks knowledge or information sufficient to form a belief about the

12    truth of the allegations of paragraph 4(b) of the Complaint, and on that basis, so denies them.

13    4. c. Technifab denies the allegations contained within paragraph 4(c) of the Complaint.

14    4. d. Technifab denies the allegations contained within paragraph 4(d) of the Complaint.

15

## Nature of this Case

16    5. Technifab admits that on September 10, 2001, Technifab and Cryotech's predecessor,

17    VBS Industries Incorporated (hereinafter "VBS"), entered into an Exclusive Manufacturing and

18    Distributor Agreement (hereinafter the "Agreement").  Technifab avers that the Agreement

19    speaks for itself.  Technifab denies all other material allegations contained within paragraph 5 of

20    the Complaint.

21    6. Technifab denies the allegations contained within paragraph 6 of the Complaint.

22

## Facts Common to all Claims

23    7. Technifab admits that the cryogenic supply industry is competitive and that Cryotech

24    is engaged in the business of marketing, selling and distributing liquid nitrogen (LN2) transfer

25    systems.  Technifab denies all other material allegations contained within paragraph 7 of the

26    Complaint.

27    8. Technifab admits that it entered into the Agreement with Cryotech and that Section 7

28    of the Agreement included provisions (a) through (j) entitled "Confidentiality Agreement."

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

1    Technifab further admits that a true and correct copy of the Agreement is attached to Cryotech's

2    Complaint and marked as Exhibit A. Technifab denies all other material allegations contained

3    within paragraph 8 of the Complaint.

4        9. Technifab would admit that the Confidentiality Agreement – *in its entirety* – provides

5    as follows:

6          (a)    Each party may have developed or acquired creative, technical, economic, and business information constituting trade secrets or intellectual
7    property of that party (the "Information").

8          (b)    TPI or VBS may, in each party's own discretion, provide to the other party access to that portion of the Information that may be useful to the other
9    party for the purpose of complying with the provision of this Agreement.

10         (c)    Each party shall maintain as confidential all Information of the other party which is made available to the other party and which is marked as
11   "Confidential", or if provided in verbal form, is accompanied with a clear indication of confidentiality or followed within five (5) days of the date of verbal
12   disclosure with a writing indicating the disclosure's confidentiality (the "Confidential Information").

13

      (c) [sic]  Neither party shall use the other party's Confidential Information,
14   except for the purpose(s) stated herein, and shall not disclose Confidential Information to any third party, unless the prior written approval of the provider of
15   the Confidential Information is received.

16         (d)    Each party shall restrict access to the other party's Information to its agents or employees who have been identified by the party receiving the
17   Information as requiring access to the Information to accomplish the purpose(s) stated herein.

18

      (e)    Should either party at any time be requested to do so, that party
19   shall return to the other party the received Information and all other written information, models, drawings, photos, data, samples, and the like which the
20   recipient may have received relating to the Information and all copies of the same or any portion thereof.

21

      (f)    Nothing contained herein shall in any way restrict or impair either
22   party's right to use or disclose the other party's Information which:(a)  is known to the public other than by breach of this Agreement; (b) is in the party's
23   possession prior to the time of the disclosure to the other party and was not acquired, directly or indirectly, from the other party; or (c) is made available by a
24   third party who has the legal right to do so.

25         (g)    The terms of this Agreement shall not be construed to give either party a license under any patent, trademark, copyright or Confidential Information
26   belonging to the other party.

27         (h)    *For a particular Information, each party's obligation hereunder shall cease three (3) years from the date of disclosure of that particular*
28   *Information.*

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

3

(i)     A waiver of a breach of this Confidentiality Agreement shall not constitute a waiver as to any further breach. The terms of this Confidentiality Agreement may be enforced through any remedy available at law or in equity, including injunctive relief.

(Emphasis added)

10. Technifab admits that during the course of the Agreement, Cryotech provided to Technifab "Information" as that term is defined within Section 7 of the Agreement. This Information included very limited specifications and drawings (in that the vast majority of the products subject of the Agreement were designed and engineered by Technifab); and the names of Cryotech's customers, and their contact information (in that Cryotech chose and directed that Technifab "drop ship" most products subject to the Agreement – as well as products not subject to the terms of the Agreement – directly to the purchaser). The vast majority of Information provided by Cryotech to Technifab was not marked as "Confidential" or indicated as confidential by follow-up writing, as required by Section 7(c) of the Agreement. Technifab denies all other allegations contained within paragraph 10 and subparagraphs 10(a) through (d) of the Complaint.

11. Technifab denies the allegations contained within paragraph 11 of the Complaint, as they pertain to Technifab. Technifab lacks knowledge or information sufficient to form a belief about the truth of the allegation that Cryotech's information, trade secrets and proprietary information were not generally accessible to third parties (other than Technifab), and so denies same.

12. Technifab denies the material allegations contained within paragraph 12 of the Complaint, as they apply to Technifab. Technifab lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12, as they pertain to third parties and/or Cryotech employees, and therefore denies same.

13. Technifab lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 of the Complaint, and on that basis so denies them.

14. Technifab admits that it informed Cryotech that it was maintaining a list of order and delivery information for products ordered by Cryotech under the Agreement, for direct drop-shipment to the purchaser. Technifab further admits that it informed Cryotech that it was

1    maintaining Cryotech's Information consistent with and pursuant to all terms of Section 7 of the

2    Agreement and was not violating same. Technifab denies all other material allegations contained

3    within paragraph 14 of the Complaint.

4        15.  Technifab lacks knowledge or information sufficient to form a belief about the truth

5    of the averments of paragraph 15, and on that basis, so denies them.

6        16.  Technifab lacks knowledge or information sufficient to form a belief about the truth

7    of the averments of paragraph 16, and on that basis, so denies them.

8        17.  Technifab admits that on or about September 26, 2006, Cryotech's President, Gary L.

9    Sandercock, contacted Technifab's Vice President of Sales and Marketing, Douglas Short, to

10   complain that a Technifab sales representative was informing Cryotech customers that Technifab

11   manufactured Cryotech products. Technifab further admits that Mr. Short informed Mr.

12   Sandercock that Technifab would fully comply with the terms and provisions of the Agreement,

13   including all provisions of Section 7, Confidentiality Agreement. Technifab denies all other

14   allegations contained within paragraph 17 of the Complaint.

15       18.  Technifab admits that on or about March 8, 2007, communications occurred between

16   Technifab's President, Stephen Short, and Mr. Sandercock, which communications were

17   believed to have been conducted by telephone and by email. During the telephone conversation,

18   Mr. Short advised Mr. Sandercock that he believed that Cryotech was improperly obtaining and

19   purchasing products subject to the Agreement from sources other than Technifab. Mr. Short

20   further informed Mr. Sandercock that Technifab had and would continue to honor and comply

21   with the terms and provisions of the Agreement, including Section 7, Confidentiality Agreement,

22   subject to its limitations contained within Section 7(h). Technifab denies all other material

23   allegations contained within paragraph 18 of the Complaint.

24       19.  Technifab admits that it does have a sales representative working for it in Northern

25   California. Technifab lacks knowledge or information sufficient to form a belief as to when

26   Cryotech's President discovered the existence of this sales representative, and therefore denies

27   that allegation. Technifab denies all other material allegations contained within paragraph 19.

28       20.  Technifab admits the material allegations contained within paragraph 20 of the

1    Complaint.

2        21.  Technifab denies the material allegations contained within paragraph 21 of the

3    Complaint.

4        22.  Technifab denies the material allegations contained within paragraph 22 of the

5    Complaint.

6        23.  Technifab admits that Cryotech has had several communications with Technifab,

7    wherein Cryotech insisted that Technifab not tell Cryotech's customers that Technifab was the

8    manufacturer of

9     and had performed most of the design and engineering for the products sold pursuant to the

10   Agreement.  Technifab denies all other material allegations contained within paragraph 23 of the

11   Complaint.

12       24.  Technifab denies the material allegations contained within paragraph 24 of the

13   Complaint.

14                                          **First Claim**

15                                      **(Breach of Contract)**

16       25.  That in response to paragraph 25 of the Complaint, Technifab hereby incorporates by

17   reference its answer to paragraphs 1 through 24, as if fully set forth herein.

18       26.  Technifab denies the material allegations contained within paragraph 26 of the

19   Complaint.

20       27.  Technifab denies the material allegations contained within paragraph 27 of the

21   Complaint.

22       28.  Technifab denies the material allegations contained within paragraph 28 of the

23   Complaint.

24       29.  Technifab denies the material allegations contained within paragraph 29 of the

25   Complaint.

26

27

28

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

1

## Second Claim

2

## (Interference with Prospective Economic

3

## Advantage Against Defendant)

4      30.  That in response to paragraph 30 of the Complaint, Technifab hereby incorporates by

5   reference its answer to paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

6      31.  Technifab denies the material allegations contained within paragraph 31 of the

7   Complaint.

8      32.  Technifab denies the material allegations contained within paragraph 32 of the

9   Complaint.

10      33.  Technifab denies the material allegations contained within paragraph 33 of the

11   Complaint.

12      34.  Technifab denies the material allegations contained within paragraph 34 of the

13   Complaint.

14      35.  Technifab denies the material allegations contained within paragraph 35 of the

15   Complaint.

16

## Third Claim

17

## (Misappropriation of Trade Secrets Against Defendant)

18      36.  In response to paragraph 36 of the Complaint, Technifab hereby incorporates by

19   reference its answer to paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

20      37.  Technifab lacks knowledge or information sufficient to form a belief about the truth

21   of the averments of paragraph 37, and on that basis, so denies them.

22      38.  Technifab lacks knowledge or information sufficient to form a belief about the truth

23   of the averments of paragraph 38, and on that basis, so denies them.

24      39.  Technifab denies the material allegations contained within paragraph 39 of the

25   Complaint.

26      40.  Technifab denies the material allegations contained within paragraph 40 of the

27   Complaint.

28      41.  Technifab denies the material allegations contained within paragraph 41 of the

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

1  Complaint.

2      42.  Technifab denies the material allegations contained within paragraph 42 of the

3  Complaint.

4      43.  Technifab denies the material allegations contained within paragraph 43 of the

5  Complaint.

6      44.  Technifab denies the material allegations contained within paragraph 44 of the

7  Complaint.

8                              **Fourth Claim**

9                   **(Unfair Competition Against Defendant)**

10     45.  That in response to rhetorical paragraph 45 of the Complaint, Technifab hereby

11  incorporates by reference its answer to paragraphs 1 through 44 of the Complaint, as if fully set

12  forth herein.

13     46.  Technifab denies the material allegations contained within paragraph 46 of the

14  Complaint.

15     47.  Technifab denies the material allegations contained within paragraph 47 of the

16  Complaint.

17     48.  Technifab denies the material allegations contained within paragraph 48 of the

18  Complaint.

19     49.  Technifab denies the material allegations contained within paragraph 49 of the

20  Complaint.

21                           **AFFIRMATIVE DEFENSES**

22                        **First Affirmative Defense**

23                         **(Failure to State a Claim)**

24     All or some of Cryotech's claims against Technifab are barred in whole or in part by

25  Cryotech's failure to state a claim upon which relief can be granted.

26                       **Second Affirmative Defense**

27                         **(Election of Remedies)**

28     All or some of Cryotech's claims against Technifab are barred and precluded in whole or

1   in part by the doctrine of Election of Remedies.

2                           **Third Affirmative Defense**

3                              **(Unclean Hands)**

4       All or some of Cryotech's claims against Technifab are barred in whole or in part by the

5   doctrine of Unclean Hands.

6                           **Fourth Affirmative Defense**

7                                **(Estoppel)**

8       All or some of Cryotech's claims against Technifab are barred in whole or in part by the

9   doctrine of Estoppel.

10                          **Fifth Affirmative Defense**

11                            **(Failure to Mitigate)**

12      All or some of Cryotech's claims against Technifab are barred in whole or in part by

13  Cryotech's failure or failures to mitigate its damages, if any, resulting from any alleged wrongs

14  by Technifab.

15                          **Sixth Affirmative Defense**

16                                **(Waiver)**

17      All or some of Cryotech's claims against Technifab are barred in whole or in part by the

18  doctrine of Waiver.

19                         **Seventh Affirmative Defense**

20                                **(Laches)**

21      All or some of Cryotech's claims against Technifab are barred in whole or in part by the

22  doctrine of Laches by virtue of Cryotech's unexplained and unexcused delays which have and

23  will continued to result in significant prejudice to Technifab.

24                          **Eight Affirmative Defense**

25                          **(Frustration of Purpose)**

26      All or some of Cryotech's claims against Technifab are barred in whole or in part by the

27  doctrine of Frustration of Purpose. The purposes envisioned by and intended in the Agreement

28  were founded upon and required, in part, Cryotech's performance of its obligations under the

Robinson & Wood, Inc.
227 North First Street
San Jose, CA  95113
(408) 298-7120

9

1    Agreement, the breach of which by Cryotech undermined the purposes for which the Agreement
2    was entered into.

### Ninth Affirmative Defense

### (Failure of Performance)

5    All of Cryotech's claims against Technifab are barred in whole or in part by Cryotech's
6    material failure to perform its duties and obligations under the Agreement.

### Tenth Affirmative Defense

### (Failure of Conditions Precedent)

9    All or some of Cryotech's claims against Techinfab are barred in whole or in part by the
10   failure of conditions precedent, the occurrence of which are and were required in order to give
11   rise to Technifab's duty to perform as alleged, if at all.

### PRAYER FOR RELIEF

13   Wherefore, Technifab prays for judgment as follows:

14   1.    That judgment be entered against Cryotech and in favor of Technifab and that
15         Cryotech's Complaint be dismissed in its entirety;

16   2.    For Technifab's attorneys' fees, litigation expenses and costs of suit herein; and

17   3.    For such other and further relief as the Court deems just and proper.

Dated: July 31, 2008                    HUNT, HASSLER & LORENZ LLP


By  /s/ Mark D. Hassler
       Mark D. Hassler
       (appearance *pro hac vice*)


ROBINSON & WOOD, INC.


By      /s/ Arthur J. Casey
           Arthur J. Casey

28

10

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

## COUNTERCLAIM

Pursuant to the Federal Rules of Civil Procedure, counter-claimant, Technifab Products, Inc., (hereinafter referred to as "Technifab"), for its counterclaim against the counter-defendant, Cryotech International, Inc. (hereinafter referred to as "Cryotech"), states as follows:

1. Technifab is a corporation organized under the laws of the State of Indiana, and having its principal place of business located in Brazil, Clay County, Indiana.

2. Technifab is informed and believes and thereupon alleges that Cryotech is a corporation organized under the laws of the State of Delaware and having its principal place of business located in the State of California.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1441.

5. That on or about September 10, 2001, Technifab and Cryotech (by and through its predecessor, VBS Industries Incorporated) entered into an Exclusive Manufacturing and Distributor Agreement, a true and accurate copy of which is attached to Cryotech's Complaint herein and marked as "Exhibit A" (hereinafter referred to as the "Agreement").

6. That Section 1 of the Agreement provides in part as follows:

> TPI [Technifab] hereby agrees to act as the exclusive manufacture of certain products to be sold and distributed by VBS which products are listed in Schedule 1-A and 1-B attached hereto (the "Products"); TPI shall manufacture the Products for sale to VBS for resale and distribution on a global basis. It is agreed that TPI shall be the sole source of supply for the Products listed in Schedule 1-A and 1-B to VBS and VBS agrees that it will not arrange for the manufacture of those Products covered by this Agreement by itself or any of its Affiliates or by any other person or entity so long as TPI is able to produce sufficient quality and quantities of the Products to VBS on a reasonable basis.

7. That in reliance upon the Agreement and specifically the promises and agreements of Cryotech contained within Section 1 thereof, Techinfab incurred substantial expenses to increase its production volumes, including enlargement of its physical facility; the purchase of additional manufacturing equipment; the hiring of additional personnel; and the purchasing and stockpiling of inventory required specifically for the production of the products which are the subject of the Agreement.

8. Section 2(a) of the Agreement sets forth the following duty of Cryotech/VBS:

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

11

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

1    2.    **Sales to and Duties of VBS**

2          (a)    VBS shall use its best efforts to promote the sale of
the Products and to solicit orders for the Products from customers
3          on a global basis.

4          9. That Cryotech breached the Agreement with Technifab, in that it undertook to

5    manufacture on its own and/or outsource and/or contract to third parties the manufacture of

6    products for which Technifab was to be the sole source of supply. Throughout the life of the

7    Agreement, Technifab has been able to produce sufficient quality and quantities of these products

8    on a reasonable basis, as required by the Agreement, and that Cryotech's own manufacturing

9    and/or outsourcing and/or contracting of the manufacturing of the products to third parties is

10   without basis and is a breach of the promises made by Cryotech to Technifab within said

11   Agreement.

12         10. That Cryotech has also failed to use its best efforts to promote the sales of the

13   products and to solicit orders for the products as required by it under the Agreement. Through

14   Cryotech's mismanagement, lack of adequate knowledge of the products in question, the lack of

15   sales support and poor customer service, the sales of the products to be exclusively manufactured

16   by Technifab and distributed by Cryotech under the Agreement had decreased by approximately

17   1.7 million dollars between the years 2006 and 2007, and has decreased by another 1.6 million

18   dollars from 2007 through June of 2008.

19         11. That the decrease in sales of the products to be exclusively supplied and

20   manufactured by Technifab under the Agreement is a direct and proximate result of Cryotech's

21   breach of Sections 1 and/or 2(a) of the Agreement.

22         12. That Section 7(d) of the Agreement provided that each party thereto is to restrict

23   access of the other party's Information (as defined with Section 7(a)), to only those agents or

24   employees of the party receiving the Information, and then only to such agents or employees

25   requiring access to the Information to accomplish the Agreement's purposes.

26         13. That as a part of its duties and obligations under the Agreement, Technifab provided

27   to Cryotech technical specifications and drawings of the products which it supplied and

28   manufactured under the Agreement, which specifications and drawings had been created and

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

12

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM

1  prepared by Technifab, and which constituted trade secrets and intellectual property of

2  Technifab, and further therefore constituted "Information" under the Agreement.

3      14.  That Cryotech, in violation of Section 7(d), provided or conveyed said technical

4  specifications and drawings to third parties, for purposes of securing other sources of supply and

5  manufacture of the products, in violation of Section 1 of the Agreement.  Further, that Cryotech

6  improperly provided to third parties – and not as customers under the Agreement  – products

7  designed, engineered and manufactured by Technifab under the Agreement, for the purpose of

8  having the third parties disassemble, cut apart and reverse-engineer said products, so that

9  Cryotech and the third parties could obtain the information and know-how necessary for

10 Cryotech and/or the third parties to manufacture Technifab's products, in violation of the

11 Agreement.

12      15.  That pursuant to Section 4(c) of the Agreement, Cryotech agreed to pay Technifab its

13 invoices in full within forty-five (45) days of the invoice date.  For at least the past several years,

14 Cryotech has systematically failed to pay Technifab's invoices in a timely fashion as required by

15 the Agreement.

16      16.  That Technifab has and is continuing to perform its obligations and duties under the

17 Agreement, to the extent that it has been allowed to do so by Cryotech.

18      17.  That as a direct result of the contractual breaches of Cryotech, as described above,

19 Technifab has suffered substantial money damages, including, but not limited to, its costs and

20 expenses which it incurred to meet and perform its obligations under the Agreement; the loss of

21 anticipated profits for those products which Technifab was unable to sell pursuant to the

22 Agreement as a result of Cryotech's breaches; the uncompensated loss of its technical

23 information and drawings to third parties, as a result of Cryotech's failure to comply with the

24 Confidentiality provisions of the Agreement; for interest, and for all other damages for which

25 Technifab is entitled to recover as a result of Cryotech's breaches.

26                          **PRAYER FOR RELIEF**

27      WHEREFORE, Technifab prays for a judgment as follows:

28

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120

13

1.    That judgment be entered in favor of the counter-claimant, Technifab Products,
      Inc. and against the counter-defendant, Cryotech International, Inc., in an amount
      which will fully and fairly compensate it for the damages which it has incurred as
      a result of counter-defendant's breaches.

2.    For Technifab's attorneys' fees, litigation expenses and costs of suit herein; and

3.    For such other and further relief as the Court deems just and proper.

Dated: July 31, 2008.

                              HUNT, HASSLER & LORENZ LLP


                              By   /s/  Mark D. Hassler
                                      Mark D. Hassler
                                   (appearance *pro hac vice*)


                              ROBINSON & WOOD, INC.


                              By ____ /s/ Arthur J. Casey
                                      Arthur J. Casey

Robinson & Wood, Inc.
227 North First Street
San Jose, CA  95113
(408) 298-7120

ANSWER OF DEFENDANT TECHNIFAB PRODUCTS, INC.; COUNTERCLAIM