David R. Johanson (Bar No. 164141)
E-mail: drj@esop-law.com
Sara Adibisedeh (Bar No. 244778)
E-mail: sara@esop-law.com
JOHANSON BERENSON LLP
1792 Second Street
Napa, CA 94559
Telephone: (707) 226-8997
Facsimile: (707) 229-2493

Douglas A. Rubel (North Carolina Attorney No. 29824) (admitted *pro hac vice*)
E-mail: dar@johansonberenson.com
JOHANSON BERENSON LLP
201 Shannon Oaks Circle, Suite 200
Cary, North Carolina 27511
Telephone: (919) 654-4544
Facsimile: (919) 654-4545

Attorneys for Plaintiff
CRYOTECH INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTH DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYOTECH INTERNATIONAL, INC., a Delaware corporation, fka VBS INDUSTRIES INCORPORATED<br><br>Plaintiff,<br><br>vs.<br><br>TECHNIFAB PRODUCTS, INC., an Indiana corporation; and DOES 1-50, inclusive<br><br>Defendants. | CASE NO. C 08 02921 HRL<br><br>**ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM** |

Plaintiff, CRYOTECH INTERNATIONAL, INC., a Delaware corporation ("Plaintiff" or "Cryotech"), answers Defendants' TECHNIFAB PRODUCTS, INC. an Indiana corporation, and DOES 1-50, inclusive (collectively, "TECHNIFAB PRODUCTS, INC." and "DOES 1-50, inclusive" are referred to as "Defendant" herein) Counterclaim, stating as follows:

1

**ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM**

**COUNTERCLAIM**

1.-6. Answering paragraph numbers 1 through 6, inclusive, Cryotech admits the allegations thereof.

7. Answering paragraph number 7, Cryotech is without knowledge or information sufficient to form a belief as to the truth of the allegations of such paragraphs, and it denies such allegations on that basis. Cryotech is informed and believes, and on that basis alleges, that with respect to any expenses incurred by Defendant to increase its product volumes, including enlargement of its physical facility, the purchase of additional manufacturing equipment, the hiring of additional personnel, and the purchasing and stockpiling of inventory required specifically for the production of products which are subject of the Exclusive Manufacturing and Distributor Agreement dated September 10, 2001 by and between Defendant and Cryotech (hereinafter the "Agreement"), and/or the production of products that perform the same function as products which are subject of the Agreement, Defendant took such action to compete directly with Cryotech by soliciting and doing business with Cryotech's customers directly rather than to fulfill Defendant's obligations and duties to Cryotech under the Agreement.

8. Answering paragraph number 8, Cryotech admits that Section 2. of the Agreement reads as Defendant indicates therein.

9. Answering paragraph number 9, Cryotech denies the allegations thereof.

10.-11. Answering paragraph numbers 10 and 11, Cryotech denies the allegations thereof. Any decrease in the sales of the products to be exclusively manufactured by Defendant and distributed by Cryotech under the Agreement is due to various factors, including, without limitation, inconsistencies and/or inferiorities in Defendant's manufacture of products pursuant to the Agreement, superior products in the market that fulfill the same functions as the products that Defendant manufactured pursuant to the Agreement, and Defendant's solicitation and/or doing business directly with customers who would otherwise have done business directly with Cryotech as a distributor. Regarding the last factor, Defendant violated the Agreement at times to solicit and/or do business directly with customers who would otherwise have done business with Cryotech as a distributor, which also served to defeat and frustrate the purpose of Cryotech's

efforts to promote the sales of the products and to solicit orders for the products under the Agreement. Finally, Cryotech has and is continuing to perform its obligations and duties under the Agreement, to the extent that it is able to do so by Defendant.

12. Answering paragraph number 12, Cryotech admits that Section 7. of the Agreement includes the restrictions that Defendant indicates therein.

13. Cryotech admits that during the course of the Agreement, Technifab provided Cryotech "Information" as that term is defined within Section 7. of the Agreement. This "Information" included very limited specifications and drawings as the products subject to the Agreement were primarily and substantially designed and engineered by Cryotech.

14-17. Answering paragraphs numbers 14 through 17, inclusive, Cryotech denies the allegations thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

Defendant's Counterclaim against Cryotech is barred in whole or part by Defendant's failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Unclean Hands)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrines of Unclean Hands.

### Third Affirmative Defense

### (Estoppel)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrine of Estoppel.

### Fourth Affirmative Defense

### (Ratification)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrine of Ratification.

3

**ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM**

### Fifth Affirmative Defense

### (Waiver and/or Release)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrine of Waiver and/or Release.

### Sixth Affirmative Defense

### (Failure to Mitigate)

Defendant's Counterclaim against Cryotech is barred in whole or in part by Defendant's failure to mitigate its damages, if any, resulting from any alleged wrongs by Cryotech.

### Seventh Affirmative Defense

### (Frustration of Purpose)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrine of Frustration of Purpose. The purposes envisioned by and intended in the Agreement were founded upon and required, in part, Defendant's performance of its obligations under the Agreement, the breach of which by Defendant undermined and frustrated the purposes for which the Agreement was entered into.

### Eighth Affirmative Defense

### (Failure of Performance)

Defendant's Counterclaim against Cryotech is barred in whole or in part by Defendant's material failure to perform its duties and obligations under the Agreement.

### Tenth Affirmative Defense

### (Failure of Condition Precedent)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the failure of conditions precedent, the occurrence of which are and were required in order to give rise to Cryotech's duty to perform as alleged, if at all.

### Eleventh Affirmative Defense

### (Statute of Limitations)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the applicable Statute of Limitations.

4

ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM

### Twelfth Affirmative Defense

### (Laches)

Defendant's Counterclaim against Cryotech is barred in whole or in part by the doctrine of Laches by virtue of Defendant's unexplained and unexcused delays which have and will continue to result in significant prejudice to Cryotech.

### Thirteenth Affirmative Defense

### (Good Faith)

Cryotech asserts the defense of good faith.

### Fourteenth Affirmative Defense

### (Other Affirmative Defenses Based on Later Discovered Evidence)

Cryotech reserves all applicable affirmative defenses at law and equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, Cryotech prays for judgment as follows:

1. That Defendant take nothing by its Counterclaim;

2. That judgment be entered against Defendant and in favor of Cryotech and that Defendant's Counterclaim be dismissed in its entirety with prejudice;

3. That the Court award to Cryotech and against Defendant the amount of Cryotech's attorneys' fees, litigation expenses, and costs; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED:  August 19, 2008        JOHANSON BERENSON LLP

By:      /s/
David R. Johanson
Sara Adibisedeh
Douglas A. Rubel
Attorneys for Plaintiff CRYOTECH INTERNATIONAL, INC.

**ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2008, a true and correct copy of ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL., INC. TO COUNTERCLAIM was filed electronically. Notice of the filing was sent by operation of the Court's electronic filing system to the parties indicated below. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Mark Douglas Hassler
Hunt, Hassler & Lorenz LLP
100 Cherry Street
P.O. Box 1527
Terre Haute, IN 47808
(812) 232-9691
hassler@huntlawfirm.net

Arthur J. Casey
Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113
(408) 298-7120
ajc@robinsonwood.com

                                                  s/ David R. Johanson
                                                  David R. Johanson

**ANSWER OF PLAINTIFF CRYOTECH INTERNATIONAL, INC. TO COUNTERCLAIM**