** E-filed November 12, 2009 **

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYOTECH INTERNATIONAL, INC., a Delaware Corporation, fka VBS INDUSTRIES INCORPORATED,<br><br>Plaintiff,<br>v.<br><br>TECHNIFAB PRODUCTS, INC., an Indiana Corporation; and DOES 1–50 inclusive,<br><br>Defendant.<br>_____/ | No. C08-02921 HRL<br><br>**ORDER DENYING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**<br><br>**[Re: Docket No. 113]** |

Plaintiff Cryotech International, Inc. ("Cryotech") and defendant Technifab Products, Inc. ("Technifab") are competing companies in the cryogenic industry. They signed a contract where Technifab agreed to exclusively produce certain products that Cryotech agreed to exclusively purchase and sell. After Technifab terminated the agreement several years later, Cryotech sued Technifab for allegedly using Cryotech's confidential information to sell products directly to Cryotech's customers in violation of the agreement.

Technifab later moved for sanctions under the court's inherent powers for Cryotech's failure to provide prior notice of third-party subpoenas as required under the Federal Rules of Civil Procedure. (Docket No. 89.) This court denied Technifab's motion. (Docket No. 120.) Cryotech now cross-moves for inherent-power sanctions against Technifab for allegedly bringing that motion in bad faith. Technifab opposes the motion. Pursuant to Civil Local Rule 7-1(b), the court finds the

matter suitable for determination without oral argument, and the November 17, 2009 hearing on this motion is vacated.[1]

## DISCUSSION

Cryotech moves for sanctions against Technifab on grounds that Technifab should not have brought its motion for sanctions because the facts showed that Cryotech did not act in bad faith. It claims that Technifab's motion misled the court concerning the underlying facts and cited to inaccurate case law. It requests sanctions in the amount of $33,881—the cost it asserts it spent in defense of Technifab's motion.

Technifab counters that it did not bring its motion for any improper purpose.[2] It says that the motion was based on Cryotech's lack of notice for third-party subpoenas and its belief that Cryotech's counsel had purposely stalled in telling the third parties of an agreed-upon deadline extension. It asserts that it did not mislead the court about any facts, but simply presented its interpretation of those facts, and that the law to which it cited was accurate.

A court has the inherent power to award attorneys' fees as a sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 49 (1991). Yet a court doing so must make an explicit finding of bad faith to ensure that it exercises proper restraint when wielding this power, *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), and the bad faith standard is a high threshold. *Mendez v. County of San Bernadino*, 540 F.2d 1109, 1132 (9th Cir. 2008). This court denied Technifab's motion, but that alone does not suggest that Technifab brought it in bad faith. However, Cryotech argues that Technifab's use of *Spencer v. Steinman*, 179 F.R.D. 484 (E.D. Pa. 1998), *vacated in part on reconsideration by* 1999 WL 33957391 (E.D. Pa. Feb 26, 1999), is evidence of bad faith. Yet Technifab's use of *Spencer* was limited to general statements of law concerning the misuse of subpoena power, and the *Spencer* court even repeated this law in its second opinion. *Spencer*, 1999

///

---

[1] The parties also have a pending motion to compel scheduled for hearing on November 17; that motion remains on the calendar.

[2] In its reply, Cryotech moves to strike Technifab's counsel's declarations because they "state, in bald conclusory fashion, that Technifab and its counsel did not file the Technifab Sanctions Motion in bad faith (a term of art and a legal conclusion.)" (Reply 2:8–10.) The court finds that the declarations are not so conclusory and denies Cryotech's motion to strike.

2

WL 33957391, at *2. Furthermore, Technifab's use of other cases in its motion to analogize the facts was proper, even where the court did not ultimately concur with the comparison.

This court's order denying Technifab's motion for sanctions simply found that Cryotech's counsel's behavior did not rise to the level of bad faith. It did not, however, say that their conduct was benign. Under the facts presented by both sides during that motion (and repeated by both parties again in this motion), Technifab's suspicion was not entirely unwarranted. Consequently, Technifab's motivation and conduct in bringing its motion for sanctions does not suggest bad faith, and Cryotech's cross-motion for sanctions is DENIED.[3]

**IT IS SO ORDERED.**

Dated: November 12, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] The parties now have the benefit of two orders from this court analyzing the requirements for bad faith that could give rise to sanctions under the court's inherent powers. The court suggests that both parties carefully consider these requirements before moving for inherent power sanctions in the future.

3

**C 08-02921 Notice will be electronically mailed to:**

| | |
|---|---|
| Arthur J. Casey | ajc@robinsonwood.com, kkn@robinsonwood.com |
| David Richard Johanson | drj@esop-law.com, msshelli@esop-law.com |
| Douglas Andrew Rubel | dar@johansonberenson.com, msshelli@esop-law.com |
| Mark Douglas Hassler | hassler@huntlawfirm.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**