**\*\* E-filed April 9, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYOTECH INTERNATIONAL, INC., a Delaware Corporation, fka VBS INDUSTRIES INCORPORATED,<br><br>    Plaintiff,<br>  v.<br><br>TECHNIFAB PRODUCTS, INC., an Indiana Corporation; and DOES 1–50 inclusive,<br><br>    Defendant.<br>_____/ | No. C08-02921 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT REPORT OF O. EARL ELLIOTT**<br><br>**[Re: Docket No. 156]** |

  Plaintiff Cryotech International, Inc. ("Cryotech") and defendant Technifab Products, Inc. ("Technifab") are competing companies in the cryogenic industry. They signed a contract where Technifab agreed to exclusively produce certain products that Cryotech agreed to exclusively purchase and sell. Cryotech later sued defendant for allegedly using Cryotech's confidential information to sell products directly to Cryotech's customers in violation of the agreement. Technifab then countersued plaintiff for allegedly outsourcing production of products for which Technifab was to be the sole source and for failing to use best efforts to sell Technifab's products.

  Plaintiff now moves to exclude the report of defendant's accounting expert, O. Earl Elliott, on grounds that he relied on unverified financial statements that defendant did not produce during fact discovery. Technifab opposes the motion. Upon consideration of the motion papers and the arguments presented at the hearing, the court DENIES plaintiff's motion.

**DISCUSSION**

Cryotech alleges that it has been "severely prejudiced" by Technifab's failure to produce the financial statements upon which Elliott relied prior to the fact discovery deadline. (Mot. 1.) It claims that had defendant produced these documents earlier, Cryotech could have assessed the validity of the statements' numbers as well as "determine whether it should retain an accounting expert for a similar purpose." (*Id.*) Technifab counters that its counsel was unaware that Elliott intended to use the statements until it received his report. It denies that plaintiff was in any way prejudiced by the delay because Cryotech deposed Elliott after receiving the documents and also provided the documents to its rebuttal expert.

The court is unpersuaded that it must exclude Elliott's report because he relied on documents that Technifab disclosed approximately three weeks after the December 11, 2009 fact discovery deadline. Technifab produced Elliott's report and associated documents on January 4, 2010; Cryotech repeatedly emphasizes that it is this *timing* of disclosure that caused it the most prejudice. Yet notwithstanding this short delay, plaintiff received the financial statements with Elliott's report and was able to ask him questions directly on point during his deposition. As a result, plaintiff elicited testimony that it may use in an attempt to discount Elliott's opinion at trial. Even its own rebuttal expert had the opportunity to review the statements as part of his report.

Furthermore, although plaintiff insists that it needs the underlying data summarized in this handful of financial statements to confirm the reliability of Elliott's calculations, Elliott himself did not base his opinion on any such data. Moreover, Cryotech already has access to all of Technifab's invoices, which presumably provide far more detail concerning defendant's alleged damages. Plaintiff therefore may attack Elliott's opinion on several grounds, including that his acceptance of the numbers in the financial documents somehow was inappropriate.

The court notes that plaintiff's suggested alternative to exclusion—that the court permit it to submit an expert report for its *own* damages—is unrelated to Elliott's report, which evaluates *defendant's* damages. The court is dubious that if only Cryotech had known of these particular documents three weeks earlier, that it would have altered its litigation strategy and hired an accounting expert to calculate its own damages in this case. Cryotech was on notice that Technifab

2

intended to use an accounting expert to calculate its damages well in advance, and nothing prevented Cryotech from doing the same. Accordingly, the court DENIES plaintiff's motion.[1]

**IT IS SO ORDERED.**

Dated: April 9, 2010

———————————————
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to this court's case management order, Cryotech also submitted to the court a *Daubert* letter challenging Elliott's expert qualifications. (Docket No. 169.) Plaintiff's primary arguments in its letter mirror its arguments in the instant motion. The court does not find any of plaintiff's other arguments in its *Daubert* letter persuasive and, as a result, no separate hearing is necessary.

**C 08-02921 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Arthur J. Casey | ajc@robinsonwood.com, kkn@robinsonwood.com |
| David Richard Johanson | drj@esop-law.com, msshelli@esop-law.com |
| Douglas Andrew Rubel | dar@johansonberenson.com, msshelli@esop-law.com |
| Mark Douglas Hassler | hassler@huntlawfirm.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**